## 35711. GARREN v. THE STATE.

NICHOLS, Chief Justice.

Parents (fathers or mothers) who remain in Georgia after abandoning their minor children (legitimate or illegitimate) subject themselves to misdemeanor punishment. On the other hand, parents who leave Georgia after abandoning their minor children subject themselves to felony punishment reducible to misdemeanor. Code Ann. § 74-9902.

Terry Wayne Garren, a father charged with abandoning his legitimate minor children then leaving Georgia, contends that Georgia's child abandonment statute, Code Ann. § 74-9902, unconstitutionally deprives him of equal protection of the laws and unconstitutionally burdens his right of interstate travel.

The state contends that a person charged with a crime, whether misdemeanor or felony, has no right to travel, either intrastate or interstate, except strictly in accordance with a properly entered bail order, and contends that at least one constitutionally permissible purpose of the statutory enhancement of penalty for parents charged with child abandonment who leave Georgia is to increase the probability that a sister state will agree to extradite the parent to Georgia to face the charges. The state says that Governors of sister states are more willing to extradite for felonies than for misdemeanors.

Although nowhere explicitly mentioned in our

Federal Constitution, the right of interstate travel has been recognized and deemed a "fundamental" concept of our federal union of states. United States v. Guest, 383 U. S. 745 (86 SC 1170, 16 LE2d 239) (1966). Whether this right is grounded in the Commerce Clause, the Privileges and Immunities Clause, the Fifth and Fourteenth Amendments, or elsewhere, has been discussed at great length but, "All have agreed that the right exists." 383 U. S. at 759.

Garren contends that the constitutionality of the enhancement of punishment provision of Code Ann. § 74-9902 must be determined by application of the "compelling state interest test" because increasing to felony reducible to misdemeanor the punishment for child abandonment that otherwise would be treated as a misdemeanor " 'operates to *penalize* those persons . . . who have exercised their constitutional right of interstate migration.' " Memorial Hospital v. Maricopa County, 415 U. S. 250, 258 (94 SC 1076, 39 LE2d 306) (1974). The assumption of this line of argument is that the Equal Protection Clause is the source of the right of free travel asserted in the present case. The proper test or rule of stringency of review to be applied may depend upon whether the source of the asserted right is the Equal Protection Clause or, instead, the Commerce Clause. Edwards v. California, 314 U. S. 160, 174 (62 SC 164, 86 LE 119) (1941).

The traditional judicial approach of first deciding which rule of stringency of review should be utilized may not be appropriate in the present case. There is an entirely obvious difference, on the one hand, between an attempt by a "receiving state" to preclude or discourage inward migration from "sending states" of persons deemed by the "receiving state" to be "undesirables," "non-contributors" or "economically burdensome persons," and efforts, as in the present case, by a "sending state" to bring persons accused of crimes back from "receiving states" to face criminal trial and punishment in the "sending state." Persons, including indigents and other migrants, have a right of free travel. Edwards v. California, supra; Shapiro v. Thompson, 394 U. S. 618 (89 SC 1322, 22 LE2d 600) (1969); Memorial Hospital v. Maricopa County, supra. On

the other hand, persons charged with the commission of crimes shall be delivered up to the state having jurisdiction of the crime. Michigan v. Doran, 439 U. S. 282 (99 SC 530, 58 LE2d 521) (1978). A person charged in Georgia with commission of a crime who has left Georgia and entered another state cannot be said to have a constitutionally protected right of free travel in interstate commerce that can be asserted to bar prosecution for the Georgia offense. Mahon v. Justice, 127 U. S. 700 (8 SC 1204, 32 LE 283) (1887); Frisbie v. Collins, 342 U. S. 519 (72 SC 509, 96 LE 541) (1951).

Thus, the only question presented is whether the Fourteenth Amendment precludes a state from enhancing from misdemeanor to felony the punishment for a crime because a parent charged with child abandonment leaves the state. No case has been cited and we have found none either holding or as much as suggesting that such a state law must fall under the Fourteenth Amendment. The classification appears rationally related to a valid legislative purpose of causing parents to support their children since the General Assembly could have concluded that the parental support obligation is more difficult to enforce if the parent charged with child abandonment leaves the state. See *Wilder v. State*, 232 Ga. 404 (207 SE2d 38) (1974); *Reed v. Hopper*, 235 Ga. 298, 300 (5) (219 SE2d 409) (1975). The single enumeration of error is without merit.

*Judgment affirmed. All the Justices concur, except Bowles, J., who concurs in the judgment only.*

SUBMITTED DECEMBER 7, 1979 — DECIDED FEBRUARY 26, 1980.

*Andrews & Seery, Stephen H. Andrews,* for appellant.

*H. Lamar Cole, District Attorney, Richard W. Shelton, Assistant District Attorney,* for appellee.