### 37735. DAVIS v. THE STATE.

CLARKE, Justice.

This appeal involves a constitutional challenge to Code Ann. § 26-1704 (c). We hold the statutory scheme to be constitutional and affirm the trial court's ruling that there were no grounds for dismissal of the indictment.

Davis, a South Carolina resident, was indicted and charged with four counts of violating Code Ann. § 26-1704, the issuance of bad checks.[1] The checks which were presented and delivered in Georgia were drawn on a South Carolina bank and the indictment charges Davis with the commission of felony violations under the authority of Code Ann. § 26-1704 (c) which provided: "A person who commits criminal issuance of a bad check by the making, uttering or delivering of a check, draft, or order on a bank of another state shall be guilty of a felony and upon conviction thereof shall be punished by imprisonment for not less than one nor more than five years or by a fine of up to $1,000, or both." Davis filed a motion to dismiss the indictment on the ground that Code Ann. § 26-1704 (c) is unconstitutional. The trial court denied the motion and we granted an application for interlocutory appeal.

The parties have stipulated that had the drawee bank been a Georgia financial institution, Davis would be faced with misdemeanor charges. See Code Ann. § 26-1704 (b). Davis contends that Code Ann. § 26-1704 (c) which elevates the criminal issuance of a bad check to a felony if drawn on an out-of-state bank is unconstitutional in that it violates the Equal Protection Clause and

---

[1] The alleged violations occurred prior to the approval of the 1980 amendment of Code Ann. § 26-1704 in Ga. L. 1980, p. 1034.

the Privileges and Immunities Clause and the Commerce Clause of the United States Constitution and that it violates the Supremacy Clause in that it attempts to regulate interstate banking which is preempted by the Federal Reserve System and the regulations of the Federal Deposit Insurance Corporation.

The main thrust of appellant's constitutional argument is that the statute impermissibly infringes upon his constitutional right to travel from state to state, and must therefore be examined with strict scrutiny under the holding of Shapiro v. Thompson, 394 U. S. 618 (89 SC 1322, 22 LE2d 600) (1969). Without question, "the right of interstate travel has been recognized and deemed a 'fundamental' concept of our federal union of states. United States v. Guest, 383 U. S. 745 (86 SC 1170, 16 LE2d 239) (1966). Whether this right is grounded in the Commerce Clause, the Privileges and Immunities Clause, the Fifth and Fourteenth Amendments, or elsewhere, has been discussed at great length but, 'All have agreed that the right exists.' 383 U.S. at 759." *Garren v. State,* 245 Ga. 323, 324 (264 SE2d 876) (1980). The cases relied upon by the appellant involve durational residency requirements which have a direct discriminatory impact based upon residency or length of residency. See Memorial Hospital v. Maricopa County, 415 U. S. 250 (94 SC 1076, 39 LE2d 306) (1974); Dunn v. Blumstein, 405 U. S. 330 (92 SC 995, 31 LE2d 274) (1972); Shapiro, supra.

The classification scheme of the statute in question is not based upon residency. A person commits the crime of issuance of a bad check "when he makes, draws, utters, or delivers a check, draft or order for the payment of money on any bank or other depository in exchange for a present consideration or wages, knowing that it will not be honored by the drawee." Code Ann. § 26-1704 (a). Code Ann. § 26-1704 (b) provided for misdemeanor punishment upon conviction for issuance of a bad check. Code Ann. § 26-1704 (c) provided that the issuance of a bad check on a bank of another state is a felony. The crime is complete when the check is made for present consideration. When a criminal offense is committed the right to travel may be qualified by the state. Jones v. Helms, —U.S.—(101 SC 2434, 69 LE2d 118) (1981). In Jones, the court upheld a criminal statute which elevated the crime of child abandonment from a misdemeanor to a felony should the offender leave the state. In the present case the General Assembly has set up a system that classifies the issuance of a bad check on an out-of-state bank as a felony irrespective of the residence of the offender. We do not find that such a provision impermissibly infringes on the right to travel.

The constitutional test here is whether the enhancement of the crime and penalty bears a rational relationship to the distinction

between the two criminal acts. If the classification is reasonable and has some basis in fact this court will uphold it. *Dunn v. State,* 239 Ga. 537 (283 SE2d 77) (1977). It has been recognized that "a state has vast discretion in developing classifications and categories in the exercise of its police power. Legislatures may decide that certain groups of individuals will suffer particular penalties and others will not." Meloon v. Helgemoe, 564 F2d 602, 603 (1st Cir. 1977).

When the victim of a criminal act is exposed to the possibility of greater damage or injury it is rational to authorize an enhanced penalty. A check on an out-of-state bank is likely to require a longer period to clear. Delay in discovering the worthlessness of a check exposes the payee to the possibility of greater damage because the opportunity to recover the loss is diminished. Certain state banking and related criminal laws may differ in many respects. The drawer of a check on a bank from another state consequently is presented with the opportunity of using the varying rules, procedures, and laws to further his cause and thereby expose the payee to greater or more certain damage or loss.

The appellant's arguments that the statutory scheme is a burden on interstate commerce and attempts to regulate acts governed by federal law also must fail. "State statutes which only relate to or indirectly affect interstate commerce or cover matters not legislated on by Congress are not invalid as interfering with or burdening interstate commerce." *Southern R. Co. v. Overnite Transp. Co.,* 223 Ga. 825, 828 (158 SE2d 387) (1967). Regarding the supremacy clause, appellant has not argued or cited any federal regulation or law which would prohibit a state from enacting and enforcing laws against the issuance of bad checks.

For the above reasons we hold the trial court was correct in refusing to dismiss the indictment.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 20, 1982.

*Leiden & Hawk, Terrance P. Leiden,* for appellant.
*Sam Sibley, Jr., District Attorney, William H. Lumpkin, Charles R. Sheppard, Assistant District Attorneys,* for appellee.