Mrs. Ernestine SPENCER, individually as the mother of Samuel Benjamin Spencer, III, deceased, and as Administratrix of the estate of Samuel Benjamin Spencer, III, Mr. Samuel B. Spencer, Jr., father of Samuel Benjamin Spencer, III, deceased, Plaintiffs–Appellants,

v.

Frank CASAVILLA, Frank D'Antonio, Cosmo Muriale, Douglas Mackey, John Does, Defendants–Appellees.

No. 1012, Docket 89–7836.

United States Court of Appeals, Second Circuit.

Argued March 12, 1990.

Decided May 14, 1990.

Cornelia T.L. Pillard, New York City (Julius LeVonne Chambers, Charles Stephen Ralston, James I. Meyerson, New York City, on the brief), for plaintiffs-appellants.

Before KEARSE, CARDAMONE, and MAHONEY, Circuit Judges.

KEARSE, Circuit Judge:

Plaintiffs Ernestine Spencer and Samuel B. Spencer, Jr., appeal from a final judgment of the United States District Court for the Southern District of New York, Charles S. Haight, Jr., *Judge*, dismissing their complaint, brought under 42 U.S.C. §§ 1981, 1985(3), and 1986 (1982), and the Thirteenth Amendment to the Constitution, to recover for a racially motivated assault on their son, Samuel B. Spencer, III ("Spencer"), that resulted in his death. The district court summarily dismissed the complaint on the ground that the alleged conduct did not give rise to any viable federal claim. Because we conclude that the complaint sufficiently alleged a violation of the constitutional right to travel, we vacate the judgment and remand for further proceedings.

## I. BACKGROUND

The complaint alleged the following. In May 1986, Spencer was a 20–year–old Black American who resided with his parents in Yonkers, Westchester County, New York. On May 28, 1986, he was visiting his sister, who lived in the Coney Island area of Kings County, New York. In the early morning hours of May 28, on the public streets in Coney Island, Spencer was attacked by defendants Frank Casavilla, Frank D'Antonio, Cosmo Muriale, and Douglas Mackey, local residents who are White. Spencer was savagely punched and kicked, beaten with a baseball bat, and repeatedly stabbed with a knife. He was taken to Coney Island Hospital, where, at 4:40 a.m. on May 28, he died.

The complaint alleged that defendants were hostile toward Spencer because he was Black and that they attacked him, without provocation or justification, because of his race. Alleging that defendants individually and in concert had deprived Spencer of rights otherwise guaranteed to him by, *inter alia*, the Civil Rights Act of 1866, 42 U.S.C. §§ 1981 and 1985, the Thirteenth Amendment to the Constitution, and state law, plaintiffs sought compensatory and punitive damages on behalf of Spencer for his pain and suffering, and on behalf of themselves for the loss of their son.

The four named defendants were prosecuted in state court on criminal charges in connection with Spencer's death, and the present case was placed on the suspense calendar during those proceedings. The prosecution resulted in convictions of all four defendants. Mackey pleaded guilty to attempted manslaughter in the first degree and cooperated with the prosecution. Casavilla pleaded guilty to second-degree murder and was sentenced to a prison term of 15 years to life. Muriale pleaded guilty to first-degree manslaughter and was sentenced to 8⅓ to 25 years' imprisonment. D'Antonio was convicted, after a jury trial, of third-degree assault and was sentenced to one year's imprisonment.

Following the convictions, the present action was removed from the suspense calendar. Noting that the defendants were then imprisoned or indigent and were unrepresented by counsel, the district court *sua sponte* raised the question of whether the complaint adequately pleaded any federal claim. After inviting and receiving a memorandum from plaintiffs on the question of federal jurisdiction, the court dismissed the complaint.

In an opinion reported at 717 F.Supp. 1057 (S.D.N.Y.1989), the court ruled that the complaint did not state a viable claim under 42 U.S.C. § 1981 because it did not allege any interference with Spencer's right to make or enforce contracts and did not allege that defendants either were, or had acted in concert with, state actors. The court ruled that the complaint did not state a viable claim under 42 U.S.C.

§ 1985(3) because, though it alleged a violation of Spencer's state-law right to be free from assault, it "contain[ed] no allegations implicating a federally created or protected right." 717 F.Supp. at 1061.

Concluding that "the alleged conduct of these private persons, however heinous, does not give rise to viable federal claims," *id.* at 1062, the court concluded that the complaint must be dismissed either for want of federal subject-matter jurisdiction or for failure to state a claim on which relief can be granted. Judgment was entered accordingly, and this appeal followed.

## II. DISCUSSION

On appeal, plaintiffs contend that the district court should have found federal jurisdiction under both § 1981 and § 1985(3). They contend that just as private actors may be liable under the clause of § 1981 that prohibits racial discrimination in the making of contracts, *see Patterson v. McLean Credit Union,* — U.S. ——, 109 S.Ct. 2363, 2369–72, 105 Ed.2d 132 (1989), private actors may similarly be liable under the clause of § 1981 that prohibits discriminatory deprivation of "the full and equal benefit" of the laws. Plaintiffs also contend that they adequately stated a claim under § 1985(3) for deprivation of Spencer's right to travel and his right to be free of the badges and incidents of slavery.

For the reasons below, we conclude that the complaint adequately asserted a claim under § 1985(3) for deprivation of Spencer's right to travel, and that the judgment must be vacated and the matter remanded for further proceedings. In light of this conclusion, we prefer to await further proceedings before considering the rulings that the complaint did not state a claim under § 1985(3) with respect to the Thirteenth Amendment theory or under § 1981.

### A. *Federal Jurisdiction*

First, we disagree with the district court's suggestion that the complaint could be dismissed for lack of subject-matter jurisdiction. Little is needed for a plaintiff to assert a claim sufficient to give the federal court jurisdiction. Where the complaint "is so drawn as to seek recovery directly under the Constitution or laws of the United States," *Bell v. Hood,* 327 U.S. 678, 681, 66 S.Ct. 773, 775, 90 L.Ed. 939 (1946), the district court must entertain the suit unless the federal claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous," *id.* at 682–83, 66 S.Ct. at 776.

■ The court should not dismiss a complaint asserting a nonfrivolous claim under federal law for lack of jurisdiction even if the complaint fails to state a claim upon which relief can be granted:

> Jurisdiction ... is not defeated ... by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction.

*Id.* at 682, 66 S.Ct. at 776. Thus, even if the court believes that it would dismiss the complaint in response to a motion under Fed.R.Civ.P. 12(b)(6), that is not reason to dismiss for lack of jurisdiction. *See, e.g., Schwartz v. Gordon,* 761 F.2d 864, 867 n. 4 (2d Cir.1985) (dismissal because of inapplicability of federal statute to the facts alleged is more aptly termed one for failure to state a claim than one for lack of jurisdiction if question presented was nonfrivolous).

■ In the present case, the complaint plainly seeks recovery under the federal Constitution and laws and asserts claims

that are neither immaterial nor frivolous. The court should not have dismissed for lack of federal jurisdiction.

## B. *The Scope of § 1985(3)*

■ Nor do we believe the court was on sound ground in concluding that the complaint failed to state a federal claim on which relief may be granted. We conclude that the complaint, read with the requisite liberality, adequately states a claim under § 1985(3) for infringement of the constitutional right to travel.

■ Section 1985(3) provides, in pertinent part, as follows:

If two or more persons in any State or Territory conspire ... for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws ... [and] do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3). Because this section provides no substantive rights itself but merely "provides a remedy for violation of the rights it designates," *Great American Federal Savings & Loan Association v. Novotny*, 442 U.S. 366, 372, 99 S.Ct. 2345, 2349, 60 L.Ed.2d 957 (1979), in order to state a claim under § 1985(3) a complaint must allege, *inter alia,* that the defendants who allegedly conspired sought, with discriminatory intent, to deprive the plaintiff of a right covered by the Constitution or other laws, *see, e.g., United Brotherhood of Carpenters v. Scott*, 463 U.S. 825, 834, 103 S.Ct. 3352, 3359, 77 L.Ed.2d 1049 (1983); *Griffin v. Breckenridge*, 403 U.S. 88, 101–03, 91 S.Ct. 1790, 1797–99, 29 L.Ed.2d 338 (1971).

■ A claim that the defendants have conspired, with racially discriminatory animus, to violate the plaintiff's constitutional right to travel satisfies this requirement. *See id.* at 105–06, 91 S.Ct. at 1799–1800; *United Brotherhood of Carpenters v. Scott*, 463 U.S. at 832–33, 103 S.Ct. at 3358–59. Though the Supreme Court has dealt only with the right to travel between states, our Court has held that the Constitution also protects the right to travel freely within a single state. *See King v. New Rochelle Municipal Housing Authority*, 442 F.2d 646 (2d Cir.), *cert. denied*, 404 U.S. 863, 92 S.Ct. 113, 30 L.Ed.2d 107 (1971). In *King*, we upheld the district court's invalidation of a municipal residency requirement that impeded an award of public housing to, *inter alios,* persons who less than five years earlier had moved to New Rochelle, New York, from other cities in New York. Noting that in *Shapiro v. Thompson*, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969), the Supreme Court had expressly declined to ascribe the source of the right to interstate travel to any particular constitutional provision but rather had relied on "constitutional concepts of personal liberty," *id.* at 629, 89 S.Ct. at 1329, we termed it "meaningless to describe the right to travel between states as a fundamental precept of personal liberty and not to acknowledge a correlative constitutional right to travel within a state." *King v. New Rochelle Municipal Housing Authority*, 442 F.2d at 648. While the Supreme Court has not thus far adopted this view, neither has it rejected it, *see Memorial Hospital v. Maricopa County*, 415 U.S. 250, 255–56, 94 S.Ct. 1076, 1080–81, 39 L.Ed.2d 306 (1974) (whether "to draw a constitutional distinction between interstate and intrastate travel [is] a question we do not now consider"), and the rule enunciated in *King* remains the law in this Circuit.

■ Finally, it is clear that a claim under § 1985(3) for violation of the constitutional right to travel may be asserted against private defendants; no state action need be alleged or proven. *See Griffin v. Breckenridge*, 403 U.S. at 105, 91 S.Ct. at 1799; *United Brotherhood of Carpenters v. Scott*, 463 U.S. at 832–35, 103 S.Ct. at 3358–60; *see also United States v. Guest*,

383 U.S. 745, 759 n. 17, 86 S.Ct. 1170, 1179 n. 17, 16 L.Ed.2d 239 (1966) (reinstating indictment against private individuals under comparable criminal provision, 18 U.S.C. § 241 (1964), for violation of right to travel). The fact that § 1985(3) reaches private actors does not mean that it reaches all of those actors' conspiratorially tortious interferences with the rights of others, thereby becoming a general federal tort law. *Griffin v. Breckenridge*, 403 U.S. at 101–02, 91 S.Ct. at 1797–98. Rather, the scope of the section is properly circumscribed "by giving full effect to the congressional purpose—by requiring, as an element of the cause of action, the kind of invidiously discriminatory motivation stressed by [its] sponsors," that is, by recognizing that "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Id.* at 102, 91 S.Ct. at 1798.

In sum, under prevailing doctrine, a plaintiff may state a claim on which relief can be granted under § 1985(3) by alleging that private defendants have, with racial animus, violated his constitutional right to travel within a given state.

### C. *The Present Complaint*

Fed.R.Civ.P. 8(f) provides that "[a]ll pleadings shall be so construed as to do substantial justice," and it is well settled that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Under these principles, the complaint in the present case adequately stated a claim under § 1985(3) for a violation of Spencer's right to travel.

The complaint alleged that Spencer resided with his parents in Westchester County, New York, but that on May 28, 1986, he was visiting his sister in the Coney Island section of Kings County, New York. In the early hours of that morning, he was attacked and beaten savagely on the public streets by four or more White men. Plain-

ly the complaint may be read to allege that Spencer had traveled from his home to a different section of the state, and it cannot be said that plaintiffs would be unable to show that defendants sought to injure Spencer for having come into their neighborhood.

Further, the record suggests that plaintiffs will be able to show that the attack on Spencer was motivated by race. In support of their request to have the present action removed from the suspense calendar, plaintiffs submitted to the district court, *inter alia*, a copy of a letter sent by a Kings County Assistant District Attorney ("ADA") to the state court justice who presided over the criminal proceedings. The ADA, opposing a motion by Casavilla to withdraw his plea of guilty to second-degree murder, described the events leading to Spencer's death as follows:

> In the early morning hours of May 28, 1986, Samuel Spencer, a 20 year old black male, was riding his bicycle on Surf Avenue. When Spencer rode near four parked automobiles owned by the defendant and his friends, he was verbally challenged by one of them. As Mr. Spencer tried to ride away from the verbal confrontation toward his nearby home, the defendant Casavilla, and his five friends entered their four vehicles and began to pursue Mr. Spencer. The chase culminated several blocks away

> . . . .

> When one of the cars drove up onto the sidewalk, it cut Mr. Spencer off, and caused him to fall from his bicycle. Four of the six youths, including the defendant Casavilla, set upon Mr. Spencer and brutally and relentlessly beat him while he was down. The defendant Casavilla also stabbed him three times with a knife, yelling, "You're going to die now, nigger." He died shortly thereafter at Coney Island Hospital. An autopsy revealed massive head trauma, including multiple skull fractures and corresponding injuries to the brain, as well as three stab wounds to the back.

> . . . .

**176**

The defendant Casavilla's cruel epithet as he mortally wounded Mr. Spencer leaves no doubt about the defendant's racial motive for killing the deceased....

(Letter dated February 22, 1988, from ADA Daniel A. Saunders to Acting Supreme Court Justice Michael R. Juviler.)

One cannot conclude that under the present complaint plaintiffs will be unable to prove any set of facts entitling them to relief under § 1985(3) for violation of Spencer's right to travel from place to place within New York State without being subjected to a racially motivated attack on account of his exercise of that right. Accordingly, the district court should not have dismissed the complaint for failure to state a federal claim on which relief may be granted.

#### D. *Remand*

In light of our ruling that the complaint is sufficient to allege that defendants deprived Spencer of his constitutional right to travel and hence to give the court subject-matter jurisdiction of the action under § 1985(3), the judgment must be vacated and the matter remanded for further proceedings. Accordingly, we need not reach the issue of whether the complaint also sufficiently alleges Thirteenth Amendment claims or claims under 42 U.S.C. § 1981. We express no view as to the correctness of the district court's ruling that plaintiffs failed to state a claim under those laws. The court is free to reconsider its ruling at any time before the entry of a final judgment. *See, e.g., Cullen v. Margiotta,* 811 F.2d 698, 708 (2d Cir.), *cert. denied,* 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 764 (1987).

In light of the significance of the issues raised by the complaint, we suggest that if any of the defendants is indigent and requests appointment of counsel to represent him in this matter pursuant to 28 U.S.C. § 1915 (1982), the court should exercise its discretion to appoint such representation. *See Hodge v. Police Officers,* 802 F.2d 58 (2d Cir.1986).

### CONCLUSION

For the foregoing reasons, the judgment dismissing the complaint is vacated, and the matter is remanded for further proceedings not inconsistent with this opinion.