916 P.2d 1183

**STATE of Arizona, Appellee,**

v.

**Justin P. CAMERON, Appellant.**

**No. 1 CA–CR 95–0321.**

Court of Appeals of Arizona, Division 1, Department D.

April 25, 1996.

---

5. Whether the taxpayers should have resorted to available administrative remedies was never raised in these cases.

**468**

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Division, Phoenix, and Roderick G. McDougall, City Attorney by Gregory L. Hanchett, Assistant City Prosecutor, Phoenix, for Appellee.

Neal W. Bassett, Phoenix, for Appellant.

## OPINION

KLEINSCHMIDT, Judge.

The Defendant masturbated in a park rest room in the presence of an undercover police officer. He was convicted of public sexual indecency, a violation of Arizona Revised Statutes Annotated ("A.R.S.") section 13–1403(A)(1). Over the Defendant's objection, the city magistrate required the Defendant to register as a sex offender pursuant to A.R.S. section 13–3821. On appeal to the superior court, the order was affirmed. The Defendant appealed to this court. The main issues are whether the registration requirement, as applied to misdemeanor offenses, constitutes cruel and unusual punishment or is an unconstitutional ban on travel. We conclude that the registration requirement does not offend the Constitution.

### THE ISSUES ARE PROPERLY BEFORE THE COURT

The State argues that the Defendant had no "standing" to challenge the registration requirement in the city court. It says there is no statute that confers jurisdiction on the city court to declare a "felony statute" unconstitutional if such statute comes into play only as a collateral consequence of a misdemeanor conviction in the city court. The State cites no direct authority for its argument. To begin with, the State's premise is wrong because the registration statute is not a "felony statute." It applies to both felonies and misdemeanors. More important, if the city court has the power to order the Defendant to do something under the statute, the Defendant has the right to object to that order as violative of the Constitution.

It follows that the court had the power and the duty to rule one way or the other on the objection.

## THE REGISTRATION REQUIREMENT FOR MISDEMEANANTS IS NOT PUNISHMENT

The threshold inquiry under the cruel and unusual analysis is whether lifetime registration for a misdemeanant constitutes punishment, or whether it is merely regulatory. In the context of deciding whether the registration requirement was an *ex post facto* law, the Arizona Supreme Court has already held that registration pursuant to A.R.S. section 18–3821 is not punishment as applied to felons. *State v. Noble*, 171 Ariz. 171, 178, 829 P.2d 1217, 1224 (1992). The court analyzed the statute in light of four of the factors the Supreme Court of the United States said were pertinent to the issue in *Kennedy v. Mendoza–Martinez*, 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963). It concluded that:

1. Registration is not an affirmative disability or restraint, *Noble*, 171 Ariz. at 176, 829 P.2d at 1222;

2. Although registration has traditionally been viewed as punishment, the stigma of it is dampened by the restrictions on public access to registration information, *id.* at 177, 829 P.2d at 1223;

3. Registration serves the traditional aim of punishment because it is a deterrent to future misbehavior, *id.*;

4. Registration of felons is not an excessive measure in relation to its non-punitive purpose of facilitating the location of offenders by the police, *id.* at 177–78, 829 P.2d at 1223–24.

The court balanced the *Mendoza–Martinez* factors and concluded that although the question was a close one, the registration requirement was not punishment. *Id.* at 178, 829 P.2d at 1224. In doing so, in connection with its discussion of the fourth *Mendoza–Martinez* factor—whether registration was excessive in relation to its non-punitive function—the supreme court expressly left open the question whether registration would be punishment if applied to lesser offenses "for which the threat of recidivism may possibly be less significant or for which registration would have no valid regulatory purpose." *Id.*

Statutes are presumed to be constitutional and where there is a reasonable, even though debatable, basis for the statute, an act will be upheld unless it is clearly unconstitutional. *State v. Ramos*, 133 Ariz. 4, 6, 648 P.2d 119, 121 (1982). The burden is on the party asserting that a statute is unconstitutional to demonstrate that it is. *State v. Double Seven Corp.*, 70 Ariz. 287, 293, 219 P.2d 776, 779 (1950). On this record at least, we believe that the balance the supreme court struck in *Noble* is correct for misdemeanants as well as for felons. We know nothing of the rate of recidivism for offenders like the Defendant in this case, and we cannot say that registration of misdemeanants has no valid regulatory purpose. It would not have been irrational for the legislature to have believed that people who engage in public masturbation may engage in more serious sex crimes, and that knowledge of such activities might be useful to the police in solving those crimes. This is true even though the legislature amended the statute in 1995 so that registration for misdemeanants is no longer mandatory but is discretionary with the court. A.R.S. § 13–3821(B) (Supp.1995). We cannot say that the requirement is so excessive in relation to its non-punitive purposes that we must conclude that it is punishment.

The Defendant relies on *In re Reed*, 33 Cal.3d 914, 191 Cal.Rptr. 658, 663 P.2d 216 (1983), in which the Supreme Court of California found that requiring a person convicted of a misdemeanor sex offense to register as a sex offender was punishment and that it was cruel and unusual under the California Constitution. Quite apart from the fact that we are not bound by decisions from other jurisdictions, there are several things about *Reed* which weigh against our following it in this case. In *Reed*, the court found as to the first *Mendoza–Martinez* factor that registration was an affirmative disability or restraint. Our own supreme court found exactly the opposite in *Noble*. Further, in *Reed* the California court had at least some record, in the form of facts included in an amicus brief from the Los Angeles City Attorney, to the

effect that the registration requirement was not an effective law enforcement tool. Such evidence is wholly lacking in our case. Further still, the California court feared that registration would lead to "command performances" at lineups that would involve compulsion and restraint. Our court in *Noble* gave little weight to that consideration, noting that a registrant has a right to be free of unconstitutional law enforcement practices. 171 Ariz. at 177, 829 P.2d at 1223.

## THE REGISTRATION REQUIREMENT DOES NOT VIOLATE THE RIGHT TO TRAVEL

█ The Defendant contends that the registration requirement violates his right to travel which is guaranteed by the United States Constitution. He asserts that the embarrassment which attends re-registration tends to discourage people from changing their place of residence. There is apparently no case either way on this precise point.

█ The right to travel is fundamental. *Spencer v. Casavilla*, 903 F.2d 171, 174 (2d Cir.1990). A law implicates the right to travel when it deters such travel, when impeding travel is its primary objective, or when it imposes a classification which penalizes the exercise of the right to travel. *Attorney General of New York v. Soto–Lopez*, 476 U.S. 898, 903, 106 S.Ct. 2317, 2320–21, 90 L.Ed.2d 899 (1986). However, given a legitimate state interest, the right to travel is subject to limitation. For example, tolling statutes applied to accused persons who have left the state are constitutionally permissible. *Commonwealth v. Lightman*, 339 Pa.Super. 359, 489 A.2d 200, 203 (1985). So are implied

consent statutes, *People v. Brown*, 174 Colo. 513, 485 P.2d 500 (1971); anti-cruising ordinances, *Lutz v. City of York*, 899 F.2d 255 (3rd Cir.1990); and statutes which increase the penalty for writing a bad check if the check was on an out-of-state bank. *Davis v. State*, 248 Ga. 783, 286 S.E.2d 430 (1982).

An argument similar to the one the Defendant makes was rejected in *People v. Mills*, 81 Cal.App.3d 171, 146 Cal.Rptr. 411 (1978), which construed a California statute requiring an offender to report every change of address and imposed a lifelong registration requirement absent a court order to the contrary. The California Court of Appeal, observing that there was a rational basis for the statute, held that a person convicted of child molestation had forfeited his right to travel for a "considerable time." While the court in *Mills* was not dealing with a misdemeanant, for many of the reasons expressed in our discussion of whether registration is punishment, we do not deem the requirement so lacking in rational basis, nor so disproportionate to that basis, as to compel the conclusion that the provision is unconstitutional.

The judgment of conviction, sentence, and orders of the trial court are affirmed.

PATTERSON, P.J., Department D, and GARBARINO, J., concur.