NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

TRAVIS WRIGHT, *Petitioner*.

No. 1 CA-CR 15-0728 PRPC
FILED 5-11-2017

Petition for Review from the Superior Court in Yavapai County
No. V1300CR9980184
The Honorable Michael R. Bluff, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Yavapai County Attorney's Office, Prescott
By Sheila Sullivan Polk
*Counsel for Respondent*

Travis Wright, Florence
*Petitioner*

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Lawrence F. Winthrop and Judge James P. Beene joined.

**T H U M M A**, Judge:

**¶1**            Petitioner Travis Wright seeks review of the superior court's order denying his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32.1 (2017).[1] Absent an abuse of discretion or error of law, this court will not disturb a superior court's ruling on a petition for post-conviction relief. *State v. Gutierrez*, 229 Ariz. 573, 577 ¶ 19 (2012). Finding no such error, this court grants review but denies relief.

**¶2**            After Wright was indicted on three felony charges in 1998, he pled guilty to one count of sexual conduct with a minor, a Class 6 undesignated felony. *See* A.R.S. § 13-1405. The superior court suspended his sentence and placed him on two years' supervised probation, with an initial thirty days in jail. Nearly a decade later, the State moved to have Wright register as a sex offender, which the superior court granted in 2008. *See* A.R.S. § 13-3821. Wright filed a petition for writ of error *coram nobis* in 2015. Treating the petition as an out-of-time petition for post-conviction relief, the superior court dismissed the petition. Wright then filed a petition for review of that dismissal with this court.

**¶3**            In seeking to challenge the dismissal, Wright has twice filed a "notice of appeal from decision" that did not comply with Ariz. R. Crim. P. 32.9(c). A petition for review must set forth specific claims, present sufficient argument supported by legal authority and include citation to the record. *See* Ariz. R. Crim. P. 32.9(c)(1)(ii) & (iv); *see also State v. Rodriguez*, 227 Ariz. 58, 61 ¶ 12, n. 4, (App. 2010) (declining to address argument not presented in petition). For this reason, this court denies relief.

**¶4**            Apart from this defect, Wright states that the plea agreement did not require him to register as a sex offender, and a review of the written plea agreement shows it was silent on the issue. The superior court's judgment of guilt and sentence form does indicate that "Defendant is not required to register as a sex offender." The State later moved for an order requiring Wright to register as a sex offender as required by A.R.S. §13-3821 for his conviction, Wright did not oppose the motion and the court granted it. Wright argues that his offense was designated a misdemeanor, meaning the registration requirement of A.R.S. §13-3821 does not apply, that his plea

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

agreement was violated by the registration requirement and that his petition for writ of error *coram nobis* has no time limit for filing.

**¶5**         "A basic principle of criminal law requires that an offender be sentenced under the laws in effect at the time he committed the offense for which he is being sentenced." *State v. Newton*, 200 Ariz. 1, 2 ¶ 3 (2001). The superior court erred by failing to require registration at sentencing, but corrected that error after being alerted to that fact by granting the State's motion and requiring registration. Moreover, that his conviction was deemed a misdemeanor does not alter his obligation to register. *See State v. Cameron*, 185 Ariz. 467, 469-70 (App. 1996). In addition, Wright fails to state a colorable claim. *State v. Runningeagle*, 176 Ariz. 59, 63 (1993). Wright's claim is not only untimely but it is not in compliance with the rules, and fails to raise any argument substantiated by law or fact.

**¶6**         For these reasons, this court grants review and denies relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA

3