**Richard J. MACKENSWORTH, Plaintiff–Appellant,**

v.

**S.S. AMERICAN MERCHANT, Defendant–Appellee.**

No. 568, Docket 93–7616.

United States Court of Appeals, Second Circuit.

Argued Feb. 4, 1994.

Decided June 16, 1994.

Richard J. Mackensworth, pro se.

Philip S. LaPenta, Healy & Baillie, New York City, for defendant-appellee.

Before OAKES, KEARSE and CARDAMONE, Circuit Judges.

CARDAMONE, Circuit Judge:

Appellant, *pro se*, Richard J. Mackensworth, was a seaman serving aboard the S.S. American Merchant, when, in June 1981 he suffered a back injury aboard the vessel. One day short of three years later he commenced a personal injury action under Admiralty Law against his employer and the S.S. American Merchant in the District of New Jersey. The institution of this now ten-year-old suit created a procedural morass, which at one time required Mackensworth to litigate his claim in the Northern District of California. After the Northern District of California disposed of the complexities of the admiralty proceedings before it, and after unsuccessful appeals to the Ninth Circuit Court of Appeals, appellant's claims were transferred, at his suggestion, to the Southern District of New York (Ward, J.).

Acting as his own lawyer, Mackensworth then proceeded to contest subject matter jurisdiction in the Southern District. The district court, under the circumstances, dismissed for lack of subject matter jurisdiction what appears to be a viable cause of action for a $44,000 back injury claim. We reverse.

## BACKGROUND

This case began its long, somewhat confusing voyage ten years ago on June 12, 1984 when Mackensworth, appearing *pro se*, filed a personal injury action *in personam* against United States Lines, Inc. (U.S. Lines), his employer, and also filed suit *in rem* against the S.S. American Merchant (AMERICAN MERCHANT), a vessel U.S. Lines had chartered. Venue was laid in the United States District Court for the District of New Jersey in both actions in which Mackensworth alleged injuries to his back as a result of work he performed on June 13, 1981 as a boatswain on the AMERICAN MERCHANT. Although plaintiff's employer U.S. Lines had the AMERICAN MERCHANT under char-

ter, legal title to the vessel was held by Continental Illinois National Bank and Trust Company of Chicago (Continental Bank), as owner trustee.

When, on November 24, 1986, U.S. Lines filed a petition in bankruptcy in the Southern District of New York, Mackensworth's action against his employer was stayed. Subsequently, Sea–Land Services, Inc. (Sea–Land) obtained the right to purchase the vessel, and later was assigned all of the ownership rights, including any and all of the recovery from a judicial sale of the vessel. On September 23, 1987 the United States brought an admiralty action *in rem* to foreclose a First Preferred Ship Mortgage it held on the AMERICAN MERCHANT. The action was brought in the United States District Court for the Northern District of California because that was where the ship was then located. Ultimately, the vessel was sold and the proceeds deposited in the registry of the Northern District of California as a substitute *res* for the ship. After Mackensworth was relieved from the bankruptcy stay, he was permitted to intervene in the admiralty foreclosure proceeding asserting his *in rem* claim against the AMERICAN MERCHANT, alleging damages in the amount of $44,000. Because there were sufficient funds to satisfy all of the intervenors' claims, the district court satisfied the mortgage claim of the United States and established a reserve for the remaining intervenors' claims.

Subsequently, Sea–Land, now the owner of all the interests in the AMERICAN MERCHANT, moved to transfer Mackensworth's claim from the Northern District of California to the District of New Jersey, pursuant to 28 U.S.C. § 1404(a) (1988). In addition, Sea–Land sought authority to post substitute security for the *res* pursuant to Rule E(5)(a) of the Fed.R.Civ.P. Supplemental Rules for Certain Admiralty and Maritime Claims (Supplemental Rules). Its reason for requesting it be allowed to post substitute security was because the reserve in the registry of the Northern District of California was in excess of the amount required to pay the remaining claims against the *res*. In exchange for payment of the insurance deduct-

ible, in the amount of $18,000, out of the reserve that would ultimately be due Sea–Land, Transport Mutual Services Inc. (Transport Mutual), as agent for the United Kingdom Mutual Steam Ship Assurance Association (Bermuda) Limited, the indemnity insurer of the AMERICAN MERCHANT, agreed to provide a Letter of Undertaking as substitute security for the lien asserted by Mackensworth in his *in rem* action. Mackensworth opposed the motion to transfer his claim to the District of New Jersey, but suggested instead that a transfer to the Southern District of New York would be "much more convenient, less expensive, and [would] better serve[ ] the interest of justice."

On July 10, 1989 appellant filed a pleading styled as a "Notice of Joinder" in the Northern District of California, in which he attempted to join to his intervening *in rem* complaint a new claim—a claim that is unrelated to his June 13, 1981 back injury cause of action. The proposed new claim, also asserted against the AMERICAN MERCHANT, was for alleged respiratory injuries he sustained on December 31, 1982, while employed by U.S. Lines. Sea–Land opposed the "Notice of Joinder" on the grounds that the new claim was time barred under 46 U.S.C.App. § 763a (1988) because it was not filed within the three year statute of limitations for recovery of damages arising out of a maritime tort.

The district court treated the "Notice of Joinder" as a motion to amend, and denied it as futile because the "proposed amendment would not 'relate back' to the original complaint, as it [did] not arise out of the same 'conduct, transaction, or occurrence set forth in the original pleading' as required by Fed. R.Civ.P. 15(c)." It concluded that Mackensworth's action should be transferred to the Southern District of New York as it would be "a more convenient forum for the parties and witnesses." This transfer was contingent upon Transport Mutual posting a Letter of Undertaking in the Northern District of California to serve as substitute security for the *res* pursuant to Supplemental Rule E(5)(a).

On August 11, 1989 Transport Mutual filed the Letter of Undertaking that agreed to pay

Mackensworth up to $44,000 were he to be successful in his personal injury action. Transport Mutual also agreed to file a bond in accordance with Supplemental Rule E(5). The Northern District then ordered Mackensworth's action transferred to the Southern District of New York, and directed partial disbursement of the remaining proceeds of the vessel, retaining only $65,000 to satisfy other outstanding claims. On August 1, 1990, after all remaining claims in the Northern District of California had been satisfied, the remaining *res* representing the AMERICAN MERCHANT was disbursed to its owner, Sea–Land.

On October 1, 1990 Mackensworth appealed the August 1, 1990 disbursement order to the Ninth Circuit Court of Appeals, contesting not only the transfer of his personal injury action to the Southern District of New York, but also various interlocutory orders made by the Northern District of California during distribution of the vessel's proceeds. In a memorandum decision, the Ninth Circuit dismissed the appeal for lack of subject matter jurisdiction, stating that the appeal was moot as to the distribution of the *res* because Mackensworth had not moved for a stay of distribution of the proceeds prior to the district court's order becoming final. *See United States of America v. S.S. American Merchant,* No. 90–16412, 1992 WL 37386, at *2, 1992 U.S.App. LEXIS 4017, at *5–6 (9th Cir. Feb. 27, 1992). In addition, the Ninth Circuit declined to review appellant's contentions concerning the transfer of his action to the Southern District of New York, the denial of his motion to enjoin U.S. Lines and Sea–Land from defending against his complaint in intervention, or the denial of his motion to amend a complaint as these were unappealable interlocutory orders. *See id.* at *2–3, 1992 U.S.App. LEXIS 4017, at *8–9. It also refused to consider Mackensworth's appeal regarding the transfer order as a writ of mandamus because Mackensworth had already sought a writ of mandamus that had previously been denied. *See id.* at *3, 1992 U.S. LEXIS 4017, at *9.

Meanwhile, on September 28, 1989, upon receipt of Mackensworth's files from the Northern District of California, the Southern

District of New York issued an order filing the case in that district, and on December 15 it issued a scheduling order instructing the parties to complete discovery by February 15, 1990 on pain of dismissal. On February 28, 1990 the AMERICAN MERCHANT moved to dismiss Mackensworth's complaint in intervention because he failed to appear for a scheduled deposition. On March 28, 1990 Judge Ward placed Mackensworth's case on the suspense docket pending resolution of the above mentioned application for writ of mandamus submitted to the Ninth Circuit.

On November 16, 1992 appellant moved for a default judgment against defendant. By order entered February 17, 1993 Judge Ward restored the case to the active docket, denied Mackensworth's motion and directed him to appear at a deposition to be held on March 10, 1993. Although Mackensworth appeared, he failed to take part in the deposition. Defendant then moved for dismissal and for sanctions, which the district court denied. In Mackensworth's reply to defendants' motion to dismiss and for sanctions, he stated "PLAINLY, THIS COURT (SDNY) *DOES NOT HAVE SUBJECT MATTER JURISDICTION,* AND NEVER DID/HAS" (emphasis in original).

In a memorandum decision and order entered May 10, 1993 the district court dismissed the action in accordance with Mackensworth's assertion that the Southern District of New York lacked subject matter jurisdiction. Judgment against Mackensworth was entered on June 1, 1993 from which this appeal ensued.

## DISCUSSION

Mackensworth now challenges the dismissal of his case by the Southern District of New York and challenges, in addition, various interlocutory orders made by the Northern District of California. Only three issues merit discussion. First, he asserts Sea–Land, the assignee owner of AMERICAN MERCHANT, had no right to defend against his claim, because his employer U.S. Lines, and the Continental Bank, owner trustee of the vessel, had waived their rights to defend the foreclosure action initiated by the United

States. Next, he challenges the treatment of his "Notice of Joinder" as a motion to amend, and the denial of leave to amend because the cause of action alleged was barred by the statute of limitations. Appellant's third contention involves the dismissal of his case by the Southern District of New York for lack of subject matter jurisdiction.

## I

█ Before beginning our analysis, we note, as a preliminary matter, that we have authority to review interlocutory orders of the Northern District of California issued prior to the action's being transferred to the Southern District of New York. *See Magnetic Eng'g & Mfg. Co. v. Dings Mfg. Co.,* 178 F.2d 866, 870 (2d Cir.1950) (L. Hand, C.J.) (holding "[t]he review of any order of the district court in a transferred cause, made before transfer, is within the jurisdiction of the court of appeals of the circuit to which the cause has been transferred"); *accord Chapple v. Levinsky,* 961 F.2d 372, 374 (2d Cir.1992) (per curiam). Nonetheless, we cannot address Mackensworth's contentions regarding the distribution of the *res* because they were the subject of his previous appeal to the Ninth Circuit and have been ruled upon by that Court.

█ We turn first to Mackensworth's contention that Sea–Land has no right to defend against his claim because his employer and the owner trustee waived their rights to defend the foreclosure action initiated by the United States. Both U.S. Lines, as the bareboat charterer of the AMERICAN MERCHANT, and Continental Bank, as owner trustee, waived their rights to claim restitution of the vessel and to defend against the mortgage foreclosure action. But, the record discloses no waiver by either party with respect to Mackensworth's personal injury claim against the AMERICAN MERCHANT. Sea–Land, which was assigned all of the ownership rights in the AMERICAN MERCHANT, never waived any rights to defend against Mackensworth's personal injury action. In fact, Sea–Land answered Mackensworth's complaint in intervention and denied any fault, negligence or unsea-

worthiness of the AMERICAN MER-CHANT.

Hence, there is no reason to disagree with the judgment of the Northern District of California that the only waiver of rights that occurred was with respect to those claims arising out of the mortgage held by the United States against the AMERICAN MERCHANT. Sea–Land is the proper party in interest to defend against appellant's action because it was awarded, as owner, the funds remaining after the government's claim had been satisfied, and all the remaining claims against the AMERICAN MER-CHANT were either eventually dismissed or settled.

## II

■ Appellant next insists that his "Notice of Joinder" should not have been treated as a motion to amend. Mackensworth's original claim in the District of New Jersey alleged he sustained an injury to his back on June 13, 1981 while working as a boatswain on the AMERICAN MERCHANT. In his *in rem* complaint in intervention, filed after the bankruptcy stay had been lifted, he claimed $44,000 in damages for this injury. In his "Notice of Joinder" Mackensworth attempted to join to his complaint in intervention a claim in the amount of $500,000 alleging respiratory injuries caused by environmental toxics aboard the AMERICAN MER-CHANT. This injury manifested itself on December 31, 1982 when Mackensworth was diagnosed with a mass lesion to the left upper lobe of the left lung and hence unfit for duty.

It was proper for the Northern District of California to treat appellant's "Notice of Joinder" as a motion to amend. Rule 18(a) of the Federal Rules of Civil Procedure states that "[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." But, Rule 18(a) does not apply in the circumstances of this case because the "Notice of Joinder" did not assert an original claim against the vessel; it merely sought to amend the existing complaint by "joining" an additional claim to it. Generally, such is accomplished by amending the original complaint in intervention pursuant to Rule 15, not by attempting to utilize Rule 18 which deals only with pleading requirements. *See* Fed.R.Civ.P. 18(a) advisory committee's notes to 1966 amend.

■ Under Rule 15, applicable at the time Mackensworth filed his "Notice of Joinder," once a responsive pleading has been served, a party may amend its pleading only by leave of the court or if the adverse party consents in writing. *See* Fed.R.Civ.P. 15(a). The Northern District of California declined to extend leave to amend, subsequent to Sea–Land's answer, because it ruled the amendment would have been futile. Although leave to amend shall be freely granted when justice requires, *see id.*, valid reasons for denying leave to amend include undue delay, bad faith or futility of the amendment, *see Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *see also Kaster v. Modification Sys., Inc.*, 731 F.2d 1014, 1018 (2d Cir.1984) ("That the amendment[ ] would not serve any purpose is a valid ground to deny a motion for leave to amend."); *California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1472 (9th Cir.1987), *cert. denied*, 484 U.S. 1006, 108 S.Ct. 698, 98 L.Ed.2d 650 (1988). A refusal to grant leave to amend is reviewed for abuse of discretion. *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.1993) (per curiam); *Kaster*, 731 F.2d at 1018; *California Architectural Bldg. Prods., Inc.*, 818 F.2d at 1472.

Given that Mackensworth admits the respiratory injury manifested itself by December 31, 1982, his claim is barred by the three-year statute of limitations period found in the Uniform Statute of Limitations for Maritime Torts, 46 U.S.C.App. § 763a. We note that this claim was barred for statute of limitations purposes even before U.S. Lines filed its petition in bankruptcy on November 24, 1986.

■ Further, the respiratory injury claim cannot relate back to the claim made in Mackensworth's complaint in intervention be-

cause it does not arise out of "the conduct, transaction, or occurrence set forth ... in the original pleading." Fed.R.Civ.P. 15(c) (amended Dec. 1, 1991); *see Schiavone v. Fortune,* 477 U.S. 21, 29, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986) (holding that in order to relate back "the basic claim must have arisen out of the conduct set forth in the original pleading"). Although Rule 15(c) should be liberally construed, *see Siegel v. Converters Transp., Inc.,* 714 F.2d 213, 216 (2d Cir.1983) (per curiam), Mackensworth's original claim involved a 1981 back injury, while the latter claim involved a respiratory injury that manifested itself in December of 1982.

Neither the original complaint in the District of New Jersey nor the complaint in intervention put U.S. Lines or Sea–Land on notice regarding the subsequent respiratory claim because it cannot fairly be said to arise out of "the conduct, transaction, or occurrence set forth ... in the original pleading." Fed.R.Civ.P. 15(c). To breathe life into this second claim would undermine the purpose of repose for which statutes of limitations were designed. *See Aslanidis v. United States Lines, Inc.,* 7 F.3d 1067, 1074 (2d Cir.1993) ("Statutes of limitations are designed to ensure fairness to defendants and to prevent surprises brought about by the attempt to breathe life into causes that have lain dormant for so long that proof, witnesses and memories all, have disappeared.").

Therefore, we cannot say that the Northern District of California abused its discretion in denying Mackensworth leave to amend his complaint in intervention.

### III

■ The final question is whether the Southern District of New York has subject matter jurisdiction over this claim. We review *de novo* a dismissal for lack of subject matter jurisdiction where the trial court dismissed on the basis of the complaint alone or the complaint supplemented by undisputed facts from the record. *See Herbert v. National Academy of Sciences,* 974 F.2d 192, 197 (D.C.Cir.1992); *cf. Rent Stabilization Ass'n v. Dinkins,* 5 F.3d 591, 594 (2d Cir. 1993). In the instant case, the district court engaged in no fact-finding in support of its

dismissal order (it simply referred to language in Mackensworth's motion disputing the court's subject matter jurisdiction), and the dismissal order is therefore subject to *de novo* review.

■ Pertinent to a discussion of subject matter jurisdiction are the Fed.R.Civ.P. Supplemental Rules for Certain Admiralty and Maritime Claims. The Supplemental Rules apply to actions *in rem,* within the meaning of Rule 9(h) governing admiralty and maritime claims. *See* Fed.R.Civ.P.Supp.R. A(2). Subject matter jurisdiction in an *in rem* action in admiralty lies in the district court where the vessel or other *res* is located. *See* Fed.R.Civ.P.Supp.R. C(2); *American Bank of Wage Claims v. Registry of Dist. Court of Guam,* 431 F.2d 1215, 1218 (9th Cir.1970).

■ In the instant case, Mackensworth's complaint in intervention was filed in the Northern District of California because that was where the AMERICAN MERCHANT was located when the United States foreclosed on its First Preferred Ship Mortgage. After the vessel was sold, the proceeds deposited in the registry of the Northern District of California represented substitute *res* for the vessel; thus subject matter jurisdiction was still vested in the Northern District of California at that time.

■ Pursuant to Supplemental Rule E(5)(a), the Northern District of California then arranged for a Letter of Undertaking to be filed by Transport Mutual as the insurer of the AMERICAN MERCHANT. In accordance with generally accepted practice, this Letter of Undertaking became the substitute *res* for the value of Mackensworth's claim. *See, e.g., Indussa Corp. v. S.S. Ranborg,* 377 F.2d 200, 201 (2d Cir.1967) (*in banc*); *Alyeska Pipeline Serv. Co. v. The Vessel Bay Ridge,* 703 F.2d 381, 384 (9th Cir.1983), *cert. dismissed,* 467 U.S. 1247, 104 S.Ct. 3526, 82 L.Ed.2d 852 (1984) ("A plaintiff's lien for the claims alleged against the vessel is transferred to the security posted."); *J.K. Welding Co. v. Gotham Marine Corp.,* 47 F.2d 332, 334 (S.D.N.Y.1931).

In its Letter of Undertaking, Transport Mutual agreed, "upon demand," to file a bond

with either the Northern District of California or the Southern District of New York in accordance with Supplemental Rule E(5), securing Mackensworth's *in rem* claim against the AMERICAN MERCHANT. Mackensworth's action was then transferred to the Southern District of New York, along with the substitute *res,* that is, the Letter of Undertaking.

Subsequent to this transfer, the Northern District of California ordered the remaining substitute *res* to be disbursed to Sea–Land, thus divesting itself of subject matter jurisdiction. *See American Bank of Wage Claims,* 431 F.2d at 1218. When the substitute *res* was transferred to the Southern District of New York, that district was vested with subject matter jurisdiction and should have ordered Transport Mutual to post a bond, as agreed upon in its Letter of Undertaking dated August 14, 1989, in an amount sufficient to cover the value of Mackensworth's claim plus accrued interest and costs in accordance with Supplemental Rule E(5)(a).

It is true, as the dismissal order states, that Mackensworth himself, as a *pro se* litigant, challenged the Southern District's jurisdiction over his claim. But he presented no legal or factual basis for the assertion. Standing alone, and in light of the district court's limited discretion over jurisdictional issues, the assertion is certainly not sufficient to support the district court's order. *See Spencer v. Casavilla,* 903 F.2d 171, 173 (2d Cir.1990). In other words, without a finding of immateriality, frivolity, or some other basis for dismissal, the district court should not have dismissed Mackensworth's claim for lack of subject matter jurisdiction.

█ Dismissal of a claim may, of course, be an appropriate sanction for failure to prosecute a claim or failure to comply with discovery orders. *See* Fed.R.Civ.P. 37(b)(2)(C) and 41(b); *Atlanta Shipping Corp., Inc. v. Cross & Brown Co.,* 113 F.R.D. 108, 112 (S.D.N.Y.1986) (dismissing complaint over plaintiff's willful refusal to comply with discovery orders). Yet, despite Mackensworth's failure to attend or participate in scheduled depositions and despite the defendant's corresponding motion for sanctions,

the district court declined to rely upon these grounds for dismissal. Moreover, it is far from clear that dismissal—" 'a harsh remedy to be utilized only in extreme situations,' " *Gibbs v. Hawaiian Eugenia Corp.,* 966 F.2d 101, 109 (2d Cir.1992) (citation omitted) (dismissal for failure to prosecute not required where plaintiff allowed action to lie dormant for more than five years)—would have been appropriate in the present circumstances.

## CONCLUSION

Therefore, Mackensworth's personal injury cause of action against the AMERICAN MERCHANT is reinstated and the district court is directed to require Transport Mutual to post a bond in the appropriate amount in accordance with Supplemental Rule E(5)(a). The judgment appealed from is reversed and the matter remanded to the district court for further proceedings in accordance with this opinion.