MAHONEY, Circuit Judge:
Appellant William M. McCarthy appeals from a judgment entered July 29,1994 in the United States District Court for the Northern District of New York, Frederick J. Scullin, Jr., Judge, that dismissed McCarthy’s appeal from a judgment entered June 28, 1993 in the bankruptcy court for that district, Justin J. Mahoney, Bankruptcy Judge. The bankruptcy court judgment had dismissed McCarthy’s action against appellees Navistar Financial Corporation and Navistar, Inc. (collectively “Navistar”) for avoidance of a preference.
The district court dismissed McCarthy’s appeal on the ground that it lacked jurisdiction over the appeal because no timely notice of appeal from the bankruptcy court judgment had been filed. The district court determined that McCarthy had failed to obtain an order from the bankruptcy court pursuant to Fed.R.Bankr.P. 8002(e) that would have validated the notice of appeal that McCarthy did file, more than ten but less than thirty days after the entry of the bankruptcy court judgment.
Because the record amply establishes that the bankruptcy court orally granted the Rule 8002(c) motion, and because McCarthy’s failure to reduce the bankruptcy court’s oral order to writing and submit it to the bankruptcy court, as required by a local bankruptcy rule, did not deprive the district court of jurisdiction to hear McCarthy’s appeal, we reverse.
Background
Debtor Vogel Van & Storage, Inc. (“Vogel Van”) filed for bankruptcy relief under chapter eleven of the Bankruptcy Code on October 24, 1985. The case was converted to chapter seven in March 1986, and McCarthy was then appointed chapter seven trastee of Vogel Van. McCarthy brought a preference action to recover a payment made by Vogel Van to Navistar that was not deposited until July 30, 1985; less than ninety days prior to the date on which Vogel Van filed for bankruptcy protection. See 11 U.S.C. § 547(b)(4)(A); Barnhill v. Johnson, 503 U.S. 393, 393-96, 112 S.Ct. 1386, 1387-88, 118 L.Ed.2d 39 (1992). Navistar asserted an affirmative defense that the payment was made in the ordinary course of business, thereby exempting it from recovery as a preference. See 11 U.S.C. § 547(c)(2). After a trial, the bankruptcy court concluded that Navistar had met its burden in proving the affirmative defense, and dismissed McCarthy’s complaint. Judgment was entered for Navistar on June 28, 1993.
Bankruptcy Rule 8002(a) requires that a “notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment ... appealed from.” However, Rule 8002(c) provides an exception to this requirement, specifying in pertinent part that:
The bankruptcy judge may extend the time for filing the notice of appeal by any *11 party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule. A request to extend the time for filing a notice of appeal must be made before the time for filing a notice of appeal has expired----
On July 7, 1993, within ten days of the entry of the bankruptcy court judgment, McCarthy moved for an extension of time to file his notice of appeal. Navistar consented to the motion by letter and affidavit submitted to the court on July 15, 1993. McCarthy filed a notice of appeal on July 26, 1993.
McCarthy contended by affidavit below and argues on appeal that on July 28, 1993, the bankruptcy court orally granted his Rule 8002(e) motion. Navistar contests this assertion, and points to the bankruptcy court “clerk’s proceeding memo” for the July 28 hearing of that motion. The “courtroom notes” at the foot of the memorandum state: “Hrg. held. Motion withdrawn. Oral order.” This document is “So Ordered,” apparently over the initials of Bankruptcy Judge Mahoney, and dated “7/28/93.” The docket sheet entry for that date reads: “HRG. held. Motion withdrawn. ORAL ORDER entered @ hrg.” Bankruptcy Judge Mahoney has since died.
During the ensuing months, the bankruptcy court entered four written orders extending McCarthy’s time to perfect his appeal to the district court, to the first of which Navistar consented. Once the appeal was perfected, however, Navistar moved the district court to dismiss the appeal because McCarthy’s notice of appeal had been filed late.[1] The district court ruled that: “[S]ince [McCarthy’s Rule 8002(c) ] motion was withdrawn, no order granting an extension of time for filing a notice of appeal was entered____ Consequently, trustee’s filing on July 26, 1993, without an order of the Court granting an extension of time [pursuant to] Bankruptcy Rule 8002(c) was untimely and this Court lacks jurisdiction.” The district court accordingly dismissed McCarthy’s appeal to that court.
This appeal followed.
Discussion
McCarthy contends that the bankruptcy court orally granted his Rule 8002(c) motion, notwithstanding the clerk’s note indicating that the motion had been withdrawn. Navistar disagrees, and argues in the alternative that because McCarthy failed to reduce the order to writing, as required by Northern District of New York Local Bankruptcy Rule 9(b), the district court lacked jurisdiction to hear the appeal. McCarthy responds that the local rule is not jurisdictional. We agree with McCarthy on both issues.
A. The Bankruptcy Court’s Resolution of McCarthy’s Rule 8002(c) Motion.
When reviewing a district court’s determination of its subject matter jurisdiction, we review factual findings for clear error and legal conclusions de novo. See Greenblatt v. Howell, 41 F.3d 1506, 1506 (6th Cir.1994) (unpublished order) (applying standard to district court’s determination of jurisdiction over bankruptcy appeal); cf. Mackensworth v. S.S. American Merchant, 28 F.3d 246, 252 (2d Cir.1994) (when district court “engaged in no fact-finding in support of its dismissal order,” de novo review appropriate); Rent Stabilization Ass’n v. Dinkins, 5 F.3d 591, 594 (2d Cir.1993) (same, reviewing dismissal pursuant to Fed.R.Civ.P. 12(b)(1), “but if the court also resolved disputed facts, we will accept the court’s findings unless they are ‘clearly erroneous’ ”) (collecting cases).
Because Navistar consented to the requested extension of time for McCarthy to file his notice of appeal, it would have been curious, to say the least, for the bankruptcy court to have denied McCarthy’s Rule 8002(c) motion. Indeed, Navistar does not contend that the bankruptcy court did so, but rather that McCarthy withdrew his motion at the hearing of the motion. McCarthy denies *12 this claim. Such a withdrawal would also have been quite puzzling, because McCarthy’s time to file a notice of appeal had already elapsed, absent an extension, and a notice of appeal had already been filed whose validity was dependent upon the requested extension.
Nor do we agree with Navistar that we may rely upon the bankruptcy court “clerk’s courtroom notes” as evidence that the motion was withdrawn, because it is clear to us that the notes were in this respect erroneous.. As just indicated, it is highly unlikely that McCarthy would have withdrawn his motion. Moreover, the clerk’s notes are internally inconsistent. In addition to the notation “[mjotion withdrawn,” they refer to an “[o]ral order” that was “[s]o [ojrdered.” There would have been no occasion for an order, oral or written, if McCarthy’s motion had been withdrawn. A motion is an application for an order. See Fed. R.Civ.P. 7(b)(1); Fed.R.App.P. 27(a). Withdrawal of the motion (application) would have obviated any occasion for issuance of the previously sought order.
The clerk’s notes also state: “Hearing held,” and the docket entry adds that McCarthy’s motion was withdrawn “@ hrg.” It is difficult to understand why a hearing would have been held on an uncontested motion for an extension of time that was clearly authorized by the applicable rule, or what developments in the course of such a hearing could have prompted McCarthy to the suicidal course of withdrawing his Rule 8002(c) motion. In sum, it is more than likely that the clerk was confused concerning the disposition of McCarthy’s motion.
Moreover, the bankruptcy court made several rulings granting McCarthy additional time to perfect his appeal, and Navistar consented to the first of these orders. While this sequence, standing alone, does not conclusively establish that the court granted the Rule 8002(c) motion (because even if the district court lacked jurisdiction, that issue was not technically before the bankruptcy court), we question why the bankruptcy court would have granted the extensions of time to perfect an appeal that it knew to be futile because appellate jurisdiction was lacking. Nor was Navistar’s consent to an extension order consistent with its present claim that appellate jurisdiction was never obtained.
For these reasons, we are satisfied that the bankruptcy court orally granted McCarthy’s Rule 8002(c) motion, and that the district court’s finding to the contrary is clearly erroneous. That is, in the Supreme Court’s classic formulation of this standard, we are “left with the definite and firm conviction that a mistake has been committed,” United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948), in the district court’s resolution of this factual issue.
B. The Effect of McCarthy’s Failure to Comply with N.D.N.Y. Local Bankruptcy Rule 9(b).
We also reject Navistar’s contention that McCarthy’s failure to comply with Rule 9(b) deprived the district court of jurisdiction over his appeal. That rule provides: “Unless otherwise ordered by the court, any oral order of the court shall be reduced to writing and submitted by the prevailing party no later than 11 days from the date of ruling.” This rule does not make any reference to jurisdiction, or even state that failure to comply "with the rule renders the order invalid. Rather, Local Bankruptcy Rule 9(f) specifies that: “Failure to comply with subsections (b), (c) or (d) of this rule is cause for the court to vacate its oral order and deny the relief requested.”
It was therefore incumbent upon Navistar to petition the bankruptcy court to vacate its oral order after eleven days passed. Because Navistar did not do so, the order remained valid. Accordingly, McCarthy’s failure to comply with the rule did not deprive the district court of jurisdiction to hear McCarthy’s appeal.
In spite of our holding in this case, we are not unaware of the important purpose that the writing requirement serves. Indeed, had there been compliance with Rule 9(b), hardly an onerous task, this appeal would not have been necessary.
*13 Conclusion
The judgment of the district court that dismissed McCarthy’s appeal is reversed, and the case is remanded. The parties shall bear their own costs.

. Navistar's motion also asserted that Key Bank, a creditor of Vogel Van's bankruptcy estate, was improperly being allowed to pursue the appeal to the district court on behalf of that estate. The parties briefed this issue on the appeal to this court, as well as a number of other issues that were never addressed by the district court. We rule only upon the jurisdictional issue that the district court decided.