**In re INITIAL PUBLIC OFFERING SECURITIES LITIGATION.**

**No. 21 MC 92(SAS).**

United States District Court,
S.D. New York.

Aug. 23, 2004.

Melvyn I. Weiss, Robert A. Wallner, David A.P. Brower, Ariana J. Tadler, Milberg, Weiss, Bershad & Schulman LLP, New York, NY, Stanley Bernstein, Rebecca M. Katz, Bernstein, Liebhard & Lifshitz, LLP, New York, NY, Liaison Counsel for Plaintiffs.

Gandolfo V. DiBlasi, Penny Shane, Sullivan & Cromwell, New York, NY, Liaison Counsel for Defendants (Underwriters).

Jack C. Auspitz, Morrison & Foerster LLP, New York, NY, Liaison Counsel for Defendants (Issuers).

## OPINION AND ORDER

SCHEINDLIN, District Judge.

On June 21, 2004, lead plaintiffs and putative class members in ten of the cases consolidated as *In re IPO Securities Litigation,* 21

 MC 92, moved to withdraw, add and substitute certain "lead plaintiffs" as that term is defined in the Private Securities Litigation Reform Act ("PSLRA").[1] In addition, plaintiffs sought leave to amend the pleadings to correct certain "errata." On July 30, 2004, after reviewing plaintiffs' motion, the Underwriter defendants' opposition and the parties' declarations and exhibits, I ordered plaintiffs' counsel to submit supplemental declarations in support of their motion. Plaintiffs' counsel have now submitted these additional materials, and the Court has reviewed them. For the reasons set forth below, plaintiffs' motion is granted in part and denied in part.

## I. LEGAL STANDARD

■ Whether to permit a plaintiff to amend her pleadings is a matter within the Court's "sound discretion."[2] That discretion encompasses both whether to permit substantive amendments of plaintiffs' claims and allegations, as well as whether to permit the joinder of additional plaintiffs.[3] Absent bad faith, undue delay, or dilatory motive, Rule 15(a) instructs courts that leave to amend shall be "freely given" except where the proposed amendment is "futile."[4] As the Supreme Court explained in *Foman,* a plaintiff "ought to be afforded an opportunity to test his claim on the merits."[5]

Although a District Court is free to grant leave to amend as a matter of discretion, the PSLRA provides specific requirements that must be met in order for a putative class member to be appointed "lead plaintiff." Thus, while a court has discretion to decide *whether* to permit plaintiffs to amend their complaints, the PSLRA governs the appointment of lead plaintiffs. I have already explained in detail the PSLRA's requirements for lead plaintiff eligibility in an Opinion and

1. 15 U.S.C. § 78u–4(a).

2. Fed.R.Civ.P. 15(a); *see also Grand Light & Supply Co. v. Honeywell, Inc.,* 771 F.2d 672, 680 (2d Cir.1985).

3. *See Mackensworth v. S.S. American Merchant,* 28 F.3d 246, 251 (2d Cir.1994) (holding that district court properly treated plaintiff's "Notice of Joinder" as a motion for leave to amend under Fed.R.Civ.P. 15). *See also* Fed.R.Civ.P. 21 ("Par-

ties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.").

4. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). *See also Advanced Magnetics, Inc. v. Bayfront Partners, Inc. et al.,* 106 F.3d 11, 18 (2d Cir.1997).

5. *Foman,* 371 U.S. at 182, 83 S.Ct. 227.

Order dated December 27, 2002, and need not do so again.[6]

In the same opinion, I noted that the PSLRA is entirely silent on the proper procedure for substituting a new lead plaintiff when the previously certified one withdraws. I held that "it only stands to reason that the appropriate lead plaintiff would be the next 'most adequate' plaintiff in accordance with the [lead plaintiff criteria set forth in the PSLRA]" but that when the movants seek (as they do here) to replace already-certified lead plaintiffs, the PSLRA's criteria must be applied with that in mind.[7] I also held that in such a circumstance, "where a new lead plaintiff is willing to step forward [after a lead plaintiff has already been certified and then seeks to withdraw], there is no need to start the [notice] process anew when all putative class members were given notice of the opportunity to move for appointment as lead plaintiff by means of the statutorily required published notice."[8] Finally, I noted that plaintiffs who had originally moved for appointment as lead plaintiff in response to the initial notice of pendancy would arguably be entitled to priority over any other potential lead plaintiffs.[9]

## II. WITHDRAWAL AND SUBSTITUTION OF LEAD PLAINTIFFS

Plaintiffs seek to withdraw certain lead plaintiffs and to appoint substitute lead plaintiffs in the cases of *In re Loudeye Technologies, Inc.*, *In re Netratings, Inc.* and *In re Integrated Telecom Express, Inc.* because the currently-appointed lead plaintiffs wish to withdraw. In response to my July 30, 2004 Order, lead plaintiffs Kathleen N. Treglia and Joel Richmon have now submitted sworn declarations stating that they wish to withdraw from their respective cases for personal reasons.[10] Defendants have not objected to their request to withdraw as lead plaintiffs, and there is no basis to refuse their request. Plaintiffs' motion to withdraw lead plaintiffs Kathleen Treglia and Joel Richmon is granted.

■ In addition, plaintiffs' counsel has represented that each of the proposed substitute lead plaintiffs has already moved for appointment as class representative in his respective case, that each has engaged in significant discovery, that each is in regular contact with counsel, and that each has been actively following the litigation as a putative class member. Also, in some cases, the proposed lead plaintiffs have been active participants as lead plaintiff in other IPO cases.[11] Plaintiffs' counsel has also represented that each of the proposed substitute lead plaintiffs purchased stock in the respective issuers during the Class Period and suffered damages as a result, and that none of the proposed substitute lead plaintiffs has served as a lead plaintiff in any other securities class action in the last three years.[12] The proposed substitute lead plaintiffs therefore appear to meet the PSLRA's lead plaintiff requirements. I therefore find that Messrs. Jason Calabrese, Benjamin Isaiah and Walter Challenger are the "most adequate" plaintiffs to serve as lead plaintiffs in these cases. Plaintiffs' motion to appoint these individuals as lead plaintiffs is granted.

**6.** *See In re IPO Sec. Litig.*, 214 F.R.D. 117, 120–121 (S.D.N.Y.2002).

**7.** *Id.* at 120.

**8.** *Id.* at 120 n. 5.

**9.** *Id.*

**10.** *See* Declaration of Kathleen N. Treglia, dated August 6, 2004 (relating to *In re Loudeye Technologies, Inc.*, 01 Civ. 6872) and Declaration of Joel Richmon, dated August 6, 2004 (relating to *In re Netratings, Inc.*, 01 Civ. 9798, and *In re Integrated Telecom Express, Inc.*, 01 Civ. 10108). Lead plaintiff Joseph Treglia did not sign a declaration stating that he wishes to withdraw as lead plaintiff. Instead, Kathleen Treglia (Joseph Treglia's wife) represents in her declaration that Joseph Treglia wishes to withdraw. Plaintiffs' counsel has not explained why Mr. Treglia did not sign a declaration on his own behalf, and I have no basis to find that Ms. Treglia is legally empowered to speak for her husband with regard to his appointment as lead plaintiff. I therefore deny plaintiffs' request to withdraw Mr. Treglia as lead plaintiff without prejudice.

**11.** *See* Letter from Stanley D. Bernstein, dated August 10, 2004. *See also* Declaration of Stanley D. Bernstein, dated August 10, 2004 ("Bernstein Decl.") ¶¶ 1–4.

**12.** *See* Bernstein Decl. ¶¶ 1–4 and Exs. 1–3.

## III. JOINDER OF ADDITIONAL LEAD PLAINTIFFS

Plaintiffs seek to appoint additional lead plaintiffs in the cases of *In re Drugstore.com, Inc.*, *In re Terra Networks, S.A.*, *In re Akamai Technologies, Inc.* and *In re Vitria Technologies, Inc.* on the grounds that plaintiffs' counsel has been unable to communicate with the currently-appointed lead plaintiffs despite diligent efforts to do so. In opposition, defendants argue that these cases should be dismissed in their entirety because they have effectively had no lead plaintiff for many months. In making this argument, defendants suggest that I adopted this approach when I dismissed the matter of *Numerical Technologies*. Not so. I dismissed the case of *Numerical Technologies* because plaintiffs' counsel was both unable to find any putative class member willing to move for appointment as class representative despite searching for more than a year, and also unable to establish that any such class member would ever be found. Here, additional lead plaintiffs are willing and able to step forward. My ruling in *Numerical Technologies* therefore has no bearing on the pending motion.

Plaintiffs' counsel's initial failure to explain the timing of this motion in their moving papers—filed more than six months after plaintiffs' counsel last had contact with some of the lead plaintiffs in question—or to support the motion with admissible evidence raised concerns regarding the possibility of undue delay or dilatory motives. Plaintiffs' supplemental materials have addressed and resolved those concerns in the cases of *In re Drugstore.com, Inc.*, *In re Akamai Technologies, Inc.* and *In re Vitria Technologies, Inc.*

■ I recognize that these consolidated cases necessarily present extraordinary logistical challenges to plaintiffs' counsel. Plaintiffs' counsel have now submitted declarations that establish they have been unable to communicate with the lead plaintiffs in these three cases despite their diligent efforts to do

so, and that it was impossible for plaintiffs' counsel to identify a precise date when it became apparent that the lead plaintiffs would never be responsive to the efforts of their counsel to communicate with them. I also find that plaintiffs' counsel has made reasonable efforts to locate the lead plaintiffs that they now seek to supplement through the appointment of additional lead plaintiffs.[13] On the basis of the supplemental declarations of plaintiffs' counsel submitted to the Court on August 10, 2004, I find there has been no undue delay in filing this motion. Furthermore, there is no evidence that the filing of this motion was postponed by any dilatory motive.

Defendants do not challenge the eligibility of the proposed additional lead plaintiffs under the PSLRA. Plaintiffs' counsel has represented that each of the proposed additional lead plaintiffs has already moved for appointment as class representative in his or her respective case, that each purchased stock in the respective issuers during the Class Period and suffered damages as a result, and that none of the proposed additional lead plaintiffs has served as a lead plaintiff in any other securities class action in the last three years.[14] Based on the declarations submitted by plaintiffs' counsel, the proposed additional lead plaintiffs appear to be eligible under the PSLRA. Defendants have failed to make any showing as to how the appointment of the proposed additional lead plaintiffs in the cases in question would cause them any prejudice. I therefore grant plaintiffs' motion to appoint Messrs. Charles DiFazio, Jr., Val Kay, and Antoine Porges as additional lead plaintiffs in the cases of *In re Drugstore.com, Inc.*, *In re Akamai Technologies, Inc.* and *In re Vitria Technologies, Inc.*

With regard to *In re Terra Networks, S.A.*, plaintiffs' moving papers conflict with their supplemental materials. The supplemental declaration of plaintiffs' counsel Marc Henzel states that he has been in recent contact with one of the current lead plaintiffs in this case

---

**13.** I also note that counsel has kept the Court informed of the status of the lead plaintiffs in these and other cases through periodic telephonic status conferences with Chambers and it cannot therefore be said that plaintiffs' motion to

add lead plaintiffs in these cases comes as a complete surprise to defendants or to the Court.

**14.** *See* Bernstein Decl. ¶¶ 5, 7–8.

(Mr. Sam Sinay) but that Mr. Sinay is medically unable to proceed as lead plaintiff. Mr. Henzel also represents that Mr. Sinay has filed a motion to withdraw as lead plaintiff in *Terra Networks*. The Notice of Motion and Motion filed by plaintiffs' counsel, however, only seeks to add a lead plaintiff in this case because counsel has been unable to communicate with Mr. Sinay but does not seek to withdraw him as lead plaintiff.

Mr. Sinay has not signed a declaration stating that he wishes to withdraw, and I decline to order his withdrawal as lead plaintiff absent clarification of the discrepancy between plaintiffs' moving papers and the Henzel Declaration. However, based on the declaration of counsel it is clear that an additional lead plaintiff is needed and that the proposed additional lead plaintiff appears to be eligible under the PSLRA.[15] Mr. Ross, the individual who previously moved for appointment as lead plaintiff in this case, has now submitted a declaration that he no longer wishes to be appointed lead plaintiff.[16] I therefore grant plaintiffs' motion to add Donald Benjamin as a lead plaintiff in the case of *In re Terra Networks, S.A.* without prejudice to Mr. Sinay's ability to file a motion to withdraw (supported by an adequate declaration by him or his counsel) at a later date.

## IV. DEFENDANTS' STATUTE OF LIMITATIONS DEFENSE SHOULD BE RAISED IN A SEPARATE MOTION

Defendants contend that plaintiffs' motion with regard to *In re Antigenics, Inc.* should be denied because the proposed amendment is "futile." Defendants argue that the class claims of the proposed substitute lead plaintiff are time-barred because the current sole lead plaintiff, Joseph Baum, never owned Antigenics stock during the alleged class period and therefore never had standing to represent a class of Antigenics shareholders. Defendants also argue that the applicable statutes of limitations were not tolled under

*American Pipe & Construction Co. v. Utah*[17] and its progeny.

In December, 2002, defendants raised the same arguments in opposition to a similar motion to substitute the lead plaintiff in the matter of *In re Juniper Networks, Inc.* At the time, I held that defendants' statute of limitations defense should be taken up on a motion to dismiss.[18] Relying on my December, 2002 Order, plaintiffs have not responded to defendants' statute of limitations arguments other than to cite two cases in a footnote. Plaintiffs also asked that they be given an opportunity to brief this issue if I decided to address it now.

The question of whether *American Pipe* tolling is available to proposed substitute lead plaintiffs in cases such as *Antigenics, Inc.* and *Juniper Networks, Inc.*—that is, in cases where the originally-appointed lead plaintiff lacks standing—is not so easily answered that I can fairly resolve it without giving all the parties an opportunity to be heard. While the Supreme Court noted that *American Pipe* arose in a context where class certification was denied for lack of numerosity, and "not for lack of standing of the representative"[19] the decision does not plainly state that tolling is unavailable in cases where class certification was denied for lack of standing. Furthermore, the Second Circuit's decision in *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*[20] at the very least *suggests* that the class claims of the proposed substitute lead plaintiff would relate back to the filing of the original class claim under Federal Rule of Civil Procedure 17(a), even where the original lead plaintiff lacked standing, so long as plaintiffs can make a showing based on admissible evidence that there was a reasonable basis for originally appointing an incorrect lead plaintiff (that is, a lead plaintiff without standing) and if defendants cannot demonstrate that undue prejudice

15. *See id.* ¶ 6.

16. *See* Declaration of Harvey Ross, dated August 10, 2004.

17. 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974).

18. *See In re IPO Sec. Litig.*, 214 F.R.D. at 125 n. 11.

19. 414 U.S. at 553, 94 S.Ct. 756.

20. 106 F.3d 11 (2d Cir.1997).

would result from the proposed substitution.[21]

In any event, given my ruling in *In re Juniper Networks, Inc.* that defendants' statute of limitations defense should be taken up in a separately filed motion rather than be decided in the context of a motion to substitute a lead plaintiff, and in light of the fact that plaintiffs have not fully briefed the issue, I decline to reach the issue now. However, it is time to resolve this issue. Defendants are hereby ordered to submit their statute of limitations motion in these two cases within 21 days. Plaintiffs will have 21 days to file their opposition and supporting declarations, and defendants will have another 10 days to file their reply. Plaintiffs' motion to withdraw Joseph Baum as lead plaintiff, and to appoint Leonard Cohen as interim lead plaintiff pending the resolution of defendants' statute of limitations defense, is granted.

## V. OTHER AMENDMENTS AND ERRATA

█ Finally, plaintiffs seek to amend their pleadings in two cases—*In re Sequenom, Inc.* and *In re Webmethods, Inc.*—to correct certain "errata" that led to the appointment of the wrong lead plaintiff. Specifically, plaintiffs' counsel represent that in *In re Sequenom, Inc.*, the entity that actually moved for appointment as lead plaintiff and that should have been appointed was Collegeware USA, Inc. and not Collegeware Asset Management. Plaintiffs' counsel also represent that in *In re Webmethods, Inc.*, plaintiffs' counsel mistakenly filed a motion on behalf of Jack Kassin to be appointed as lead plaintiff when in fact plaintiffs' counsel intended to move on behalf of Abraham Kassin as he had a greater financial interest.

The declarations of lead counsel for plaintiffs provide an adequate basis for me to find that Collegeware Asset Management and Jack Kassin were mistakenly appointed as lead plaintiffs in these two cases.[22] Furthermore, defendants have made no showing that the correction of these errata would cause them undue prejudice. Leave to amend these errata is therefore granted.[23]

## VI. CONCLUSION

For the reasons set forth herein, plaintiffs' motion for leave for certain lead plaintiff withdrawals, additions and substitutions is hereby granted except as specifically noted above. Leave for the amendment of certain "errata" as set forth above is also granted.

SO ORDERED.

---

21. *See id.* at 19–20.

22. *See* Declarations of Saul Roffe, dated August 9, 2004 (expressly stating that clerical errors rather than any deliberate decisions by lead counsel resulted in the wrong person or entity being named as lead plaintiff in these cases).

23. Defendants argue that the appointment of Abraham Kassin as lead plaintiff would violate the PSLRA's 5–in–3 rule, which presumptively bars a plaintiff from serving in more than five actions in three years. *See* 15 U.S.C. § 78u–

4(a)(3)(B)(vi). However, I addressed this issue from the bench on April 16, 2002 and ruled that the Kassins are permitted to be lead plaintiffs in more than five cases in three years. *See* Transcript of April 16, 2002 Hearing at 13 (attached as Exhibit A to Declaration of David M.J. Rein in Support of Underwriter Defendants' Opposition to Plaintiffs' Omnibus Motion For Certain Lead Plaintiff Withdrawals, Additions and Substitutions, dated July 2, 2004). Defendants have presented no new facts or law that requires me to reconsider this ruling.