Richard FAUCONIER, Plaintiff–
Appellant,

v.

COMMITTEE ON SPECIAL EDU-
CATION, DISTRICT 3, NEW YORK
CITY BOARD OF EDUCATION, De-
fendant–Appellee.

No. 03–7793–CV.

United States Court of Appeals,
Second Circuit.

Sept. 30, 2004.

Richard Fauconier, Troy, NY, for Appellant, pro se.

Victoria Scalzo, Assistant Corporation Counsel, Corporation Counsel, City of New York, New York, NY, for Appellees.

PRESENT: FEINBERG, CARDAMONE, and B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Richard Fauconier, *pro se*, appeals the District Court's dismissal of his complaint, in which he had alleged various claims on behalf of his son as well as on his own behalf under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq.* Familiarity with the underlying facts, procedural context, and specification of appellate issues is assumed.

We review *de novo* the District Court's dismissal of Fauconier's complaint. *Rombach v. Chang*, 355 F.3d 164, 169 (2d Cir. 2004) (dismissal under Fed.R.Civ.P. 12(b)(6)); *see also Mackensworth v. S.S. Am. Merch.*, 28 F.3d 246, 252 (2d Cir.1994) (dismissal for lack of jurisdiction). Because "most *pro se* plaintiffs lack familiarity with the formalities of pleading requirements, we must construe *pro se* complaints liberally, applying a more flexible standard to evaluate their sufficiency than we would when reviewing a complaint submitted by counsel." *Lerman v. Bd. of Elections*, 232 F.3d 135, 140 (2d Cir.2000).

■ To the extent Fauconier raised claims on behalf of his son, the claims were properly dismissed because, pursuant to *Cheung v. Youth Orchestra Found.*, 906 F.2d 59, 61 (2d Cir.1990), a federal court has an affirmative duty to enforce the rule that "a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child." To the extent Fauconier's claims implicated his own rights, they were properly dismissed as barred by the *Rooker–Feldman* doctrine, because any other outcome would have presumed that Fauconier possessed the authority, as a non-custodial parent, to litigate claims under the IDEA on behalf of his son. Such a result would have called into question the validity of a prior state court determination holding otherwise. *See Phifer v. City of New York*, 289 F.3d 49, 55 (2d Cir.2002) (noting that the *Rooker–Feldman* doctrine "holds that inferior federal courts lack subject matter jurisdiction over cases that effectively seek review of judgments of state courts and that federal review, if any, can occur only by way of a certiorari petition to the Supreme Court") (citations and internal quotation marks omitted); *see also D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 482–86 & n. 16, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923).

Accordingly, the decision of the District Court is AFFIRMED.